**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GAGE MONTGOMERY,**

    **Plaintiff,**

v.                                                  CASE NO.:

**RUBIN HEALTH CENTER, P.A. and**
**SCOTT RUBIN, an individual,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, GAGE MONTGOMERY ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants, SCOTT A. RUBIN DC PA d/b/a RUBIN CHIROPRACTIC HEALTH CENTER ("RCHC"), and SCOTT A RUBIN ("RUBIN"), in his individual capacity (collectively referred to as "Defendants"), and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages and retaliation under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pinellas County, Florida.

## PARTIES

4. Plaintiff is a resident of Pinellas County, Florida.

5. Defendant RUBIN is the owner and operator of a Defendant RCHC.

6. Defendant RCHC operates a health center in Pinellas County, Florida.

## GENERAL ALLEGATIONS

7. Plaintiff has satisfied all conditions precedent, or they have been waived.

8. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiff requests a jury trial for all issues so triable.

10. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

11. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

12. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

13. Defendants continue to be an "employer" within the meaning of the FLSA.

14. At all times material hereto, Defendants were and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

15. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

16. Defendant RUBIN is the owner and operator of RCHC.

17. As part of his duties, Defendant RUBIN supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff. Defendant RUBIN also controlled the payroll practices of RCHC.

18. Through the exercise of dominion and control over all employee-related matters at RCHC, in his individual capacity Defendant RUBIN is also an "employer" within the meaning of the FLSA.

19. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

20. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## FACTS

21. Plaintiff began working for Defendants as a rehabilitation specialist in December 2018, and he worked in this capacity until February 2019.

22. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

23. Plaintiff requested to be compensated for all of the overtime hours that he worked at a rate equal to one and one-half times his regular hourly rate.

24. On or about January 16, 2019, Plaintiff complained to Defendants about Defendants' failure to compensate Plaintiff in accordance with the FLSA.

25. Defendants retaliated against Plaintiff for pursuing his rights under the FLSA by terminating his employment.

26. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## **COUNT I – FLSA RETALIATION (ALL DEFENDANTS)**

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

28. By complaining to Defendants concerning their perceived failure to appropriately compensate Plaintiff, Plaintiff engaged in protected activity under the FLSA.

29. By terminating Plaintiff's employment, Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA.

30. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

31. Plaintiff was injured due to Defendants' violations of the FLSA.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a judgment, stating that Defendant RUBIN retaliated against Plaintiff in violation of the FLSA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Compensatory damages, including emotional distress, allowable at law; and

      (f)      For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this _____ day of March, 2019.

                                         Respectfully submitted,

                                         _____
                                         **LUIS A. CABASSA**
                                         Florida Bar Number: 0053643
                                         **WENZEL FENTON CABASSA, P.A.**
                                         1110 N. Florida Avenue, Suite 300
                                         Tampa, Florida 33602
                                         Main Number: 813-224-0431
                                         Direct Dial: (813) 379-2565
                                         Facsimile: 813-229-8712
                                         Email: lcabassa@wfclaw.com
                                         Email: twells@ wfclaw.com
                                         **Attorneys for Plaintiff**