UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAGE MONTGOMERY,

        Plaintiff,

    v.

RUBIN HEALTH CENTER, P.A. and
SCOTT RUBIN, an individual,

        Defendants.

CASE NO. 8:19-cv-847-VMC-TGW

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Rubin Health Center, P.A. ("RBC") and Scott Rubin ("Rubin"), collectively ("Defendants"), hereby submit their Answer and Defenses to the Amended Complaint (Doc. 4) ("Amended Complaint") filed by Plaintiff, Gage Montgomery ("Plaintiff").

Responding to the specifically numbered paragraphs of Plaintiff's Amended Complaint, and using the same numbered paragraphs and headings that appear therein, Defendants state as follows:[1]

## JURISDICTION AND VENUE

1.    Defendants admit only that Plaintiff has brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), for retaliation, but deny that Plaintiff has brought a claim for unpaid wages under the FLSA, deny that Defendants are liable to Plaintiff, deny that any unlawful conduct occurred, and deny that Plaintiff is entitled to any relief sought in his

---

[1] In response to the unnumbered paragraph following the "Amended Complaint" heading, Defendants admit only that Plaintiff is suing Defendants, but deny that they are liable to Plaintiff or that Plaintiff is entitled to any relief sought in his Complaint.

Amended Complaint. Defendants deny all remaining allegations in Paragraph No. 1 of the Amended Complaint.

2.      In response to Paragraph No. 2 of the Amended Complaint, Defendants admit only that this Court has jurisdiction over this matter, but deny that Defendants are liable to Plaintiff and deny that Plaintiff is entitled to any relief sought in his Amended Complaint.

3.      In response to Paragraph No. 3 of the Amended Complaint, Defendants admit only that venue is proper in this Court, but deny that Defendants are liable to Plaintiff and deny that Plaintiff is entitled to any relief sought in his Amended Complaint.

## PARTIES

4.      Defendants are without information or knowledge sufficient to form a belief as to the truthfulness of the allegations concerning Plaintiff's residency and, therefore, deny the allegations in Paragraph No. 4 of the Amended Complaint.

5.      Defendants admit the allegations in Paragraph No. 5 of the Amended Complaint.

6.      Defendants admit only that Defendant RHC operates a chiropractic health center, but deny all remaining allegations in Paragraph No. 6 of the Amended Complaint.

## GENERAL ALLEGATIONS

7.      Defendants deny the allegations in Paragraph No. 7 of the Amended Complaint.

8.      Defendants are without information or knowledge sufficient to form a belief as to the truthfulness of the allegations concerning Plaintiff's agreement with his counsel and, therefore, deny the allegations in Paragraph No. 8 of the Amended Complaint.

9.      In response to Paragraph No. 9 of the Amended Complaint, Defendants acknowledge that Plaintiff is asking for a jury trial, but deny there are triable issues and deny that Plaintiff is entitled to any relief whatsoever.

10.     Defendants state that Plaintiff has stated a legal conclusion that requires no response.  To the extent a response is required, Defendants admit only that Plaintiff was covered by the FLSA, but deny that Defendants violated the FLSA in any way and deny all remaining allegations in Paragraph No. 10 of the Amended Complaint.

11.     Defendants admit the allegations in Paragraph No. 11 of the Amended Complaint.

12.     Defendants admit the allegations in Paragraph No. 12 of the Amended Complaint.

13.     Defendants are without information or knowledge sufficient to form a belief as to what Plaintiff means by "continues to be an 'employer'" and, therefore, deny the allegations in Paragraph No. 13 of the Amended Complaint.

14.     Defendants state that Plaintiff has stated a legal conclusion that requires no response.  To the extent a response is required, Defendants admit only that Plaintiff was covered by the FLSA but deny that Defendants violated the FLSA in any way and deny all remaining allegations in Paragraph No. 14 of the Amended Complaint.

15.     Defendants admit only that the gross sales volume of RBC exceeded $500,000 in 2018, but deny all remaining allegations in Paragraph No. 15 of the Amended Complaint.

16.     Defendants admit the allegations in Paragraph No. 16 of the Amended Complaint.

17.     Defendants admit only that Rubin occasionally supervised Plaintiff, but denies all remaining allegations in Paragraph No. 17 of the Amended Complaint, particularly as phrased therein.

18.     Defendants deny the allegations in Paragraph No. 18 of the Amended Complaint.

19.     Defendants deny the allegations in Paragraph No. 19 of the Amended Complaint.

20.     Defendants deny the allegations in Paragraph No. 20 of the Amended Complaint.

## FACTS

21.     Defendants admit the allegations in Paragraph No. 21 of the Amended Complaint.

22.     Defendants deny the allegations in Paragraph No. 22 of the Amended Complaint.

23.     Defendants admit only that Plaintiff requested to be paid for 8.21 hours of overtime Plaintiff claimed he was owed at a rate of 1.5 times his regular rate of pay, but deny that Plaintiff was entitled to overtime pay, deny that Plaintiff was paid hourly, and deny all remaining allegations in Paragraph No. 23 of the Amended Complaint.

24.     Defendants admit only that on or about January 2019, Plaintiff requested to be paid for 8.21 hours of overtime Plaintiff claimed he was owed at a rate of 1.5 times his regular rate of pay and that Defendants paid him for the 8.21 hours at a rate of 1.5 times his regular rate of pay, but deny that Plaintiff was entitled to overtime pay, deny that Plaintiff was paid hourly, and deny all remaining allegations in Paragraph No. 24 of the Amended Complaint.

25.     Defendants deny the allegations in Paragraph No. 25 of the Amended Complaint.

26.     Defendants deny the allegations in Paragraph No. 26 of the Amended Complaint.

## COUNT I – ALLEGED FLSA RETALIATION (ALL DEFENDANTS)

27.     Defendants restate and incorporate their responses to Paragraph Nos. 1 through 26 of the Amended Complaint as stated above.

28.     Defendants deny the allegations in Paragraph No. 28 of the Amended Complaint.

29.     Defendants deny the allegations in Paragraph No. 29 of the Amended Complaint.

30.     Defendants deny the allegations in Paragraph No. 30 of the Amended Complaint.

31.     Defendants deny the allegations in Paragraph No. 31 of the Amended Complaint.

In response to the "WHEREFORE" clause following Paragraph No. 31 of Plaintiff's Complaint, Defendants deny all factual allegations included therein and deny that Plaintiff is entitled to any relief described therein or to any other relief.

## JURY TRIAL DEMAND

Defendants acknowledge that Plaintiff is seeking a jury trial but deny there are triable issues and deny that Plaintiff is entitled to any relief whatsoever.

DEFENDANTS DENY ANY ALLEGATIONS SET FORTH IN THE AMENDED COMPLAINT NOT SPECIFICALLY ADMITTED ABOVE AND DEMANDS STRICT PROOF THEREOF.

## AFFIRMATIVE DEFENSES

In asserting the defenses that follow, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.   In addition, Defendants are continuing to investigate Plaintiff's allegations, and therefore, reserve the right to amend their Answer and Affirmative Defenses.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted because Plaintiff was an exempt employee not entitled to overtime pay and thus his alleged complaints of unpaid overtime do not constitute protected conduct under the FLSA.

## SECOND DEFENSE

Defendants acted in full compliance and conformity with and in reliance upon the FLSA and applicable laws, regulations, orders, opinions and interpretations, as well as with the enforcement policies with respect to the class of employers to which Defendants belonged. Defendants acted in good faith as a reasonably prudent entity would under the circumstances, with

a belief of reasonable compliance, and are not subject to any liability for their alleged failure to pay overtime wages required by the FLSA.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part to the extent they were not filed within the applicable limitations period under the FLSA.  The applicable statute of limitations bars in whole or in part any claims, causes of action, and damages alleged in the Amended Complaint occurring more than two years prior to the filing of the Amended Complaint.  Defendants affirmatively plead that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith with reasonable grounds for believing that Defendants were in full compliance with the FLSA.  As such, the statute of limitations can be no longer than two (2) years under the FLSA in accordance with 29 U.S.C. § 255(a).

## FOURTH DEFENSE

Plaintiff cannot recover compensatory or punitive damages because those damages are not available under the FLSA.

## FIFTH DEFENSE

In the event of a judgment adverse to Defendants, Plaintiff is not entitled to recover both liquidated damages and pre-judgment interest in an action arising under the FLSA.

## SIXTH DEFENSE

Plaintiff may not recover liquidated damages because (i) Defendants acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA; (ii) Defendants did not authorize or ratify any willful violation with respect to Plaintiff; and (iii) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## SEVENTH DEFENSE

Defendants state that all of its personnel action with respect to Plaintiff were predicated on legitimate, non-retaliatory grounds unrelated to Plaintiff's alleged exercise of his rights under the FLSA, and therefore, the alleged exercise of Plaintiff's rights under the FLSA was not the legal cause of the adverse employment action at issue.

## EIGHTH DEFENSE

To the extent that Plaintiff engaged in protected activity under the FLSA in bad faith or for a wrongful purpose, his claims are barred.

## NINTH DEFENSE

To the extent that Plaintiff engaged in misconduct during his employment with Defendants, which had Defendants discovered such conduct during Plaintiff's employment would have resulted in termination of his employment, any claims for equitable relief are barred or limited accordingly by the after-acquired evidence doctrine and/or unclean hands.

## TENTH DEFENSE

To the extent Plaintiff experienced any damages as a result of the alleged unlawful conduct by Defendants, which Defendants expressly deny, Plaintiff's damages are barred, in whole or in part, to the extent that Plaintiff failed to act reasonably to avoid the alleged harm of which he now complains or otherwise failed to meet his duty to mitigate the alleged damages.

## ELEVENTH DEFENSE

To the extent Plaintiff experienced any damages as a result of unlawful conduct by Defendants, which Defendants expressly deny, any claim for damages must be set off and/or reduced by wages, compensation, pay, commissions, benefits, and all other earnings or remunerations, profits, and benefits which accrued to Plaintiff after the first alleged unlawful act,

or which were earnable or receivable with reasonable diligence.

## TWELFTH DEFENSE

Plaintiff's Amended Complaint fails to state a claim for retaliation upon which relief may be granted because Plaintiff has failed to allege that any protected activity was the "but for" cause of any alleged adverse employment action.

## THIRTEENTH DEFENSE

No conduct of Defendants' formed the direct or proximate cause of Plaintiff's alleged inability to work, loss of income, emotional distress, pain and suffering, mental anguish, indignity, humiliation, or anxiety; therefore, Plaintiff cannot recover such damages in this case.

## FOURTEENTH DEFENSE

To the extent Plaintiff is bringing a claim for unpaid overtime wages, Plaintiff's claims are barred because Plaintiff was exempt from the FLSA under several exemptions, including but not limited to the professional exemption of 29 U.S.C. § 213(a)(1) and 29 C.F.R. § 541.300 because Plaintiff was employed in a bona fide professional capacity.

## FIFTEENTH DEFENSE

To the extent Plaintiff is bringing a claim for unpaid overtime wages, even if Plaintiff were owed overtime compensation, which Defendants expressly deny, the amount of any such compensation owed would be *de minimis* and therefore not subject to payment under the FLSA.

## SIXTEENTH DEFENSE

To the extent Plaintiff is bringing a claim for unpaid overtime wages, Defendants are not subject to liability under the FLSA for any alleged failure to pay overtime compensation to Plaintiff for either "preliminary or postliminary activities" or for "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is

employed to perform," as those terms are defined for purposes of the FLSA and pursuant to 29 U.S.C. Section 254.

## SEVENTEENTH DEFENSE

To the extent Plaintiff is bringing a claim for unpaid overtime wages, Defendants are not liable for any hours worked by Plaintiff (if any) that were unauthorized or performed without its actual or constructive knowledge.

## EIGHTEENTH DEFENSE

To the extent Plaintiff is bringing a claim for unpaid overtime wages, the claims set forth in the Amended Complaint are barred, in whole, or in part, by the doctrine of payment because Defendants properly compensated Plaintiff for all time worked in accordance with the FLSA. Specifically, Defendants paid Plaintiff for all hours he worked, including the 8.21 hours of overtime Plaintiff alleged he was owed.

## NINETEENTH DEFENSE

To the extent Plaintiff is bringing a claim for unpaid overtime wages, even if Plaintiff prevails, Defendants are entitled to a set-off with respect to any monies paid to Plaintiff for any hours when Plaintiff was not actually performing work for Defendants.

## TWENTIETH DEFENSE

To the extent Plaintiff is bringing a claim for unpaid overtime wages, Plaintiff's Amended Complaint is barred in whole, or in part, by § 10 of the Portal-to-Portal Act, 29 U.S.C. § 259 because Defendants relied in good faith on, and acted in conformity with, written interpretations of the FLSA promulgated by the Secretary of Labor and on the stated administrative practices and enforcement policies of the Department of Labor.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has obtained subsequent employment and thus Plaintiff's alleged damages must be set-off by all amounts he has received from any subsequent employer (or any other source) as Plaintiff has partially or fully mitigated his damages.

## <u>RESERVATION OF RIGHTS</u>

Defendants reserve the right to assert additional affirmative and other defenses and matters in avoidance that may be revealed through additional investigation and discovery.

WHEREFORE, having fully answered and responded to each one of the allegations set forth in Plaintiff's Amended Complaint, Defendants respectfully request:

a.      Plaintiff's claims be stricken or dismissed with prejudice in their entirety;

b.      Each and every prayer for relief in Plaintiff's Amended Complaint be denied;

c.      Judgment be entered in favor of Defendants;

d.      All costs incurred by Defendants in this action be awarded to it as the prevailing party;

e.      All reasonable attorneys' fees incurred by Defendants in this action be awarded to it for, among other reasons, Plaintiff commencing and litigating this action without substantial factual or legal support; and

f.      That Defendants be granted such other and further relief as this Court deems just and proper.

Respectfully submitted,


By: /s/ Edward B. Carlstedt
    Edward B. Carlstedt
    Florida Bar No.: 0136972
    ecarlstedt@fordharrison.com
    David M. Kalteux
    Florida Bar No.: 118746
    dkalteux@fordharrison.com

    FORD & HARRISON LLP
    101 E. Kennedy Boulevard
    Suite 900
    Tampa, FL  33602-5133
    813-261-7800

    Attorneys for Defendants Rubin Health Center, P.A.
    and Scott Rubin


## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of May 2019, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic

filing to the following:

Luis A. Cabassa
Wenzel Fenton Cabassa, P.A.
lcabassa@wfclaw.com
twells@wfclaw.com
110 North Florida Avenue, Suite 300
Tampa, Florida  33602


 /s/ Edward B. Carlstedt
Attorney

WSACTIVELLP:10500312.1

- 11 -